UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
MICHAEL RUIZ,

                Plaintiff,                    **MEMORANDUM & ORDER**

    -against-                           25-CV-2844 (NRM) (AYS)

SUFFOLK COUNTY POLICE OFFICERS;
S.C.P.D. COUNTY OF SUFFOLK; P.O. ZR
PROCTOR, #PO/7048; P.O. RATHJEN,
#PO/7305,

                Defendants.
----------------------------------------------------------x
NINA R. MORRISON, United States District Judge:

      On May 21, 2025, *pro se* plaintiff Michael Ruiz, incarcerated at Riverhead Correctional Facility, commenced this 42 U.S.C. § 1983 action, alleging violations of his constitutional rights related to his arrest on December 5, 2024 at 800 Montauk Highway in Shirley, New York.  Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915.  Plaintiff's claims against Suffolk County Police Officers and the Suffolk County Police Department[1] are dismissed but the Complaint may proceed against the individual defendants as set forth below.

## BACKGROUND

      The following facts are drawn from Plaintiff's Complaint, the allegations of which are assumed to be true for purposes of this Memorandum and Order.  *See*

---

[1] These defendants are named in the caption, but not the body, of the complaint.

1

*Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (at the pleading stage of the proceeding, a court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint).

Plaintiff was pulled over in the town of Shirley, New York by Suffolk County Police Officers Proctor and Rathjen at 800 Montauk Highway in Shirley, New York at approximately 2:30 PM on December 5, 2024. ECF No. 1 at 4. Plaintiff alleges that he was ordered out of the car, and when he stated to Officer Proctor that his left arm was broken and could not put his hands on the car as directed, he was forced to the ground and placed in handcuffs. *Id.* Officer Proctor then removed Plaintiff's boots and pants and left him sitting on the curb in the cold with a sweater, briefs, and socks. *Id.* Plaintiff seeks twenty million dollars in damages. *Id.* at 5.

## **LEGAL STANDARD**

The Prison Litigation Reform Act ("PLRA") requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1); *see also Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted, but mandatory). Similarly, pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

2

monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

The Court construes Plaintiff's *pro se* pleadings liberally, particularly because they allege civil rights violations. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Still, while courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–76 (2d Cir. 2006) (internal quotation marks omitted) (citations omitted), a complaint must plead enough facts, "accepted as true, to state a claim to relief that is plausible on its face," *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 80 (2d Cir. 2018) (internal quotation marks omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Ruiz brings this action pursuant to 42 U.S.C. § 1983. To sustain a claim under Section 1983, he must allege that (1) "the conduct complained of [was] . . . committed by a person acting under color of state law," and (2) the conduct "deprived [him] of rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (citations omitted). Moreover, he must allege the direct or personal involvement of each of the named defendants in the alleged constitutional deprivation. *See Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010); *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) ("[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal

quotation marks omitted) (citation omitted)).

## DISCUSSION

To the extent that Plaintiff seeks to bring a claim against the Suffolk County Police Department (SCPD) or against all of its police officers, his claim fails because they are not proper parties to this section 1983 action. "Under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." *Rose v. Cnty. of Nassau*, 904 F. Supp. 2d 244, 247 (E.D.N.Y. 2012) (citations omitted); *Brown v. Suffolk Cnty. Police Dep't*, No. 23-CV-6636 (JMA) (AYS), 2024 WL 472837, at *3 (E.D.N.Y. Feb. 7, 2024) ("The SCPD, as administrative arm of the municipality, Suffolk County, is a non-suable entity."). Therefore, Plaintiff's claims against the Suffolk County Police Department and the Suffolk County Police Officers (as a distinct entity) are dismissed for failure to state a claim on which relief may be granted.[2]

## CONCLUSION

Accordingly, the action is *sua sponte* dismissed against Defendants Suffolk County Police Officers and the Suffolk County Police Department for failure to state

---

[2] Even if the Court were to liberally construe the complaint as asserting a claim against Suffolk County, Plaintiff has not alleged, and nothing in his Complaint suggests, that any of the allegedly wrongful acts were attributable to a municipal policy or custom necessary to section 1983 municipal liability, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Missel v. Cnty. of Monroe*, 351 F. App'x 543, 545 (2d Cir. 2009) (*Monell* claim requires "factual allegations that would support a plausible inference that the [county's] 'policies' or 'customs' caused . . . violations . . . of rights.").

a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).  The Clerk of Court is respectfully requested to amend the caption to reflect their dismissal.

Plaintiff's § 1983 claim may proceed against Defendants Suffolk County Police Officers ZR Proctor #7048 and Rathjen #7305.  The Clerk of Court is directed to issue a summons to these defendants and the United States Marshals Service is directed to serve the Complaint and the summons on these defendants, without prepayment of fees.  The Clerk of the Court is further directed to serve a copy of the Complaint together with this Order on the Suffolk County Attorney.

The Court refers this matter to the Honorable Anne Y. Shields, United States Magistrate Judge, for pretrial supervision.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the *pro se* plaintiff and note the mailing on the docket.

SO ORDERED.

                                                      */s/ Nina R. Morrison*
                                                     NINA R. MORRISON
                                                     United States District Judge

Dated:       October 7, 2025
               Brooklyn, New York